**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2580
_____

UNITED STATES OF AMERICA

v.

CARLOS E. ALMONTE,
         Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-11-cr-00132-001)
District Judge:  Hon. Dickinson R. Debevoise

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2014
_____

Before:  AMBRO, CHAGARES, and VANASKIE, Circuit Judges.

(Filed: October 15, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

  Carlos Almonte appeals the twenty-year sentence imposed upon him by the District Court after he pleaded guilty to conspiracy to commit murder in a foreign country in violation of 18 U.S.C. § 956(a)(1).  His attorney submits that there are no nonfrivolous

issues to raise on appeal and seeks to withdraw as counsel pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion and affirm the judgment of sentence.

I.

Because we solely write for the benefit of the parties, we will only briefly summarize the essential facts. On March 3, 2011, the Government filed a one-count information charging Almonte with conspiracy to commit murder in a foreign country in violation of 18 U.S.C. § 956(a)(1). Specifically, Almonte and codefendant Mohamed Alessa planned to join a Somali terrorist group, affiliated with Al Qaeda, for the purpose of killing non-Muslims.

Almonte signed a written plea agreement with the Government that set forth, <u>inter alia</u>, stipulations addressing his offense level and criminal history category under the advisory United States Sentencing Guidelines ("U.S.S.G."). The agreement specifically provided that: (1) Almonte's base offense level was 33, <u>see</u> U.S.S.G. § 2A1.5; (2) Almonte was subject to a 12-level enhancement because the conspiracy involved or was intended to promote terrorism, <u>see id.</u> § 3A1.4; and (3) Almonte qualified for a three-level downward adjustment for acceptance of responsibility, <u>see id.</u> § 3E1.1. In accordance with the above, the parties agreed that Almonte's total offense level was 42. The parties further agreed that Almonte's criminal history category was VI, <u>see id.</u> § 3A1.4, resulting in an advisory Guidelines range of 360 months to life imprisonment. Finally, Almonte waived the right to appeal his sentence so long as it was thirty years or shorter.

At Almonte's sentencing hearing, which was held on April 15, 2013, the District Court accepted the parties' stipulations and held that Almonte's total offense level was 42 and his criminal history category was VI, yielding a Guidelines range of 360 months to life imprisonment. After considering the factors under 18 U.S.C. § 3553(a), including Almonte's young age and history of mental illness, the District Court varied downward and imposed a sentence of 240 months of imprisonment, plus a life term of supervised release and a $100.00 special assessment. Almonte moved, <u>inter alia</u>, for reconsideration of the sentence.[1] The District Court denied his motion and this appeal followed.

II.[2]

Almonte's counsel moves to withdraw as attorney of record, arguing that there are no nonfrivolous issues to present on appeal. Almonte was given thirty days to file a brief on his own behalf. He declined to do so. The Government has submitted a brief in response to defense counsel's <u>Anders</u> brief and supports counsel's petition.

Counsel may move to withdraw from representation if, "upon review of the district court record," he or she "is persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); <u>see also</u> <u>Anders</u>, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). Our "inquiry when counsel

---

[1] Almonte's motion was based on the fact that, during the sentencing hearing, there was a terrorist bombing at the Boston marathon (the Government was made aware of the bombing but he was not), and the court imposed its sentence after it learned of the attack. Finding that the bombing "did not and could not have affected" Almonte's sentence, the court denied the motion. Appendix ("App.") 83.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

submits an Anders brief is . . . twofold:  (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).  If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself."  Id. at 301 (quotation marks omitted).  When reviewing an Anders motion, we exercise plenary review.  See Simon v. Gov't of V.I., 679 F.3d 109, 114 (3d Cir. 2012).

We conclude that counsel's Anders brief is adequate and will thus guide our independent review of the record.  Counsel identifies several possible claims that Almonte could make on appeal, which he groups into three categories:  (1) whether the District Court had jurisdiction over this case; (2) whether Almonte's guilty plea was knowing and voluntary; and (3) whether the District Court committed sentencing error.  Our independent review of the record confirms that these issues are wholly frivolous.

The District Court had jurisdiction over Almonte's case pursuant to 18 U.S.C. § 3231.  As to the next possible claim, there can be no question that Almonte's plea was knowing and voluntary.  The plea agreement was presented to Almonte in writing, and he signed it.  At Almonte's March 3, 2011 guilty plea hearing, the District Court determined that Almonte was twenty-four years old, had a high-school education, and did not suffer from any mental illness that would prevent him from answering its questions.  The court verified that Almonte had read the entire plea agreement, explained the rights Almonte was waiving, and asked whether Almonte understood the waiver.  It specifically asked whether Almonte understood that he could not challenge his judgment of sentence unless

4

it exceeded thirty years. Almonte answered in the affirmative to each question. We agree with counsel that there are no grounds to question the validity of his plea.

Almonte's third possible claim is that the District Court committed error at sentencing by failing to comply with the requirements of Federal Rule of Criminal Procedure 32(c) and by imposing a sentence that was procedurally and substantively unreasonable. However, as part of his plea agreement, Almonte explicitly waived his right to challenge his sentence "if the [c]ourt sentences [him] to a term of imprisonment of thirty (30) years or less." Appendix ("App.") 21. "Waivers of appeals, if entered knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). As previously discussed, Almonte signed the plea agreement and indicated his understanding of the agreement's terms, including the appellate waiver, at the guilty plea hearing. See App. 110–22. It is clear that Almonte knowingly and voluntarily waived his right to appeal the below-Guidelines, twenty-year sentence imposed by the District Court. Moreover, this case does not present the "unusual circumstance" of "an error amounting to a miscarriage of justice" in his sentence. Khattak, 273 F.3d at 562. Accordingly, we conclude that there are no nonfrivolous issues for Almonte to raise on appeal.

### III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues presented lack legal merit, and that counsel is not required to file a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).